IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DON S. MCAULIFFE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:08-CV-0336
CRIM. NO. 2:03-CR-00070
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On December 10, 2009, final judgment was issued dismissing the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on petitioner's request for a certificate of appealability. Doc. No. 194. For the reasons that follow, petitioner's request for a certificate of appealability, Doc. No. 194, is **DENIED**.

In the instant motion to vacate, set aside, or correct sentence, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to investigate or properly prepare for trial, failed to obtain his pre-trial release on bond, failed to file a motion to suppress petitioner's recorded conversations, failed to object to petitioner's absence at a pre-trial conference, failed to file a motion to dismiss on speedy trial grounds or a defective indictment, failed to request jury instructions, and failed to request a hearing under *Remmer v. United States*, 347 U.S. 227 (1954). Petitioner additionally asserts that he was denied a fair trial based on prosecutorial misconduct. He alleges that the charges against him were the result of vindictive or improper prosecution, and asserts a violation

of *Brady v. Maryland*, 373 U.S. 83 (1963). *See Petition*. On December 10, 2009, the Court dismissed all of petitioner's claims on the merits, or due to his failure to establish cause for his procedural defaults.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484. To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S ., at 893, and n. 4....

*Id.*

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, *supra.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more

2

apparent from the record and arguments." *Id.*, at 484-485.

Upon review of the record, this Court is not persuaded that petitioner has established either that reasonable jurists would debate whether his §2255 petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in its procedural rulings. Therefore, petitioner's request for a certificate of appealability, Doc. No. 194, is **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge